UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| DEVOY LEE NOKES, | ) | |
| | ) | Case Nos. 4:20-cv-18; 4:11-cr-35 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner Devoy Lee Nokes's motion to amend, correct, or vacate his sentence pursuant to 18 U.S.C. § 2255 (Doc. 1 in Case No. 4:20-cv-18; Doc. 58 in Case No. 4:11-cv-35). For the following reasons, Petitioner's motion is **DENIED**.

I. **BACKGROUND**

On November 22, 2011, a grand jury returned a one-count indictment charging Petitioner with unlawfully possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Doc. 1 in Case No. 4:11-cr-35.) On May 8, 2012, Petitioner entered a plea agreement with the Government. (Doc. 30 in Case No. 4:11-cr-35.) As part of his plea agreement, which the Court accepted, Petitioner "knowingly and voluntarily waive[d] the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack [his] conviction and/or resulting sentence," with the exception that he retained the right to raise claims of ineffective assistance of counsel or prosecutorial misconduct "known to the defendant by the time of the entry of judgment." (*Id*. at 8.) On September 24, 2012, after determining that Petitioner qualified as an Armed Career Criminal, United States District Court Judge Harry S. Mattice, Jr. sentenced

Petitioner to 180 months' imprisonment, to be followed by five years of supervised release. (Doc. 40 in Case No. 4:11-cr-35.) Petitioner did not appeal his conviction or sentence.

On May 11, 2020, more than seven years after his conviction became final, Petitioner filed the instant § 2255 motion. In his motion, Petitioner argues that he is entitled to relief because: (1) his counsel was ineffective by coercing him to take a plea and not letting him proceed to trial; (2) his counsel failed to advise him that he qualified as an Armed Career Criminal; (3) he is actually innocent because he did not know he was unlawfully possessing a firearm as required after the United States Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019); and (4) his prior Tennessee burglary conviction does not qualify as "crime of violence" and cannot support an enhanced sentence under the Armed Career Criminal Act. (Doc. 1, at 4–9 in Case No. 4:20-cv-18.)

## II. STANDARD OF LAW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### III. ANALYSIS

#### A. Timeliness of Petition

Section 2255(f) is one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Petitioner filed the instant § 2255 motion on May 11, 2020, and asserts that his motion is timely because he filed it within a year of the Supreme Court's decision in *Rehaif*. Only some of Petitioner's § 2255 arguments, however, are related to *Rehaif*. Others are entirely unrelated to *Rehaif* and were required to be asserted within one year of his conviction becoming final under § 2255(f)(1). *See Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) ("[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed."); Fed. R. App. P. 4(b)(1)(A) (providing that a defendant's notice of appeal must be filed in the district court within fourteen days of the entry of judgment). Petitioner's conviction became final on October 8, 2012, and he did not file his § 2255 motion until more than seven years later. As a result, the Court will

**DENY** Petitioner's § 2255 motion as untimely to the extent he argues he is entitled to relief based on claims unrelated to the Supreme Court's decision in *Rehaif*.[1]

### B. Petitioner's Claims based on *Rehaif*

Petitioner's § 2255 motion also fails to the extent he claims he is entitled to relief based on the Supreme Court's decision in *Rehaif*. First, Petitioner knowingly and voluntarily waived his right to file a collateral attack under § 2255, except for challenges involving ineffective assistance of counsel and prosecutorial misconduct. (Doc. 30, at 8 in Case No. 4:11-cr-35.) Petitioner's waiver is enforceable, and the Supreme Court's decision in *Rehaif* does not render it unenforceable. *See Slusser v. United States*, 895 F.3d 437, 439–40 (6th Cir. 2018) (explaining that "[b]y waiving the right to appeal, a defendant assumes the risk that a shift in the legal landscape may engender buyer's remorse" and that subsequent developments in the law "do not suddenly make [a] plea involuntary or unknowing or otherwise undo its binding nature").

Second, Petitioner's *Rehaif* argument is procedurally defaulted. Prior to *Rehaif*, "the government could obtain a felon-in-possession conviction without proving that the defendant *knew* he had previously been convicted of a felony." *Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020). In *Rehaif*, however, "the Supreme Court clarified that the term 'knowingly' in the felon-in-possession statute applied to both the defendant's possession of the firearm and the defendant's status as a felon." *Id.* (citing *Rehaif*, 139 S.Ct. at 2200)). Petitioner

---

[1] Further, Petitioner is not entitled to equitable tolling. While the one-year statute of limitations applicable to § 2255 motions is subject to equitable tolling, *Solomon v. United States*, 467 F.3d 928, 933, 935 (6th Cir. 2006), tolling is applied sparingly, *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005). To be entitled to equitable tolling, a habeas petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In this case, Petitioner has not provided facts demonstrating that he has been diligently pursuing his rights or that some extraordinary circumstance prevented timely filing the present motion.

pleaded guilty and did not raise a knowledge-of-felony-status argument on direct appeal; rather, he raised such an argument for the first time on collateral review, which is not permitted unless the Petitioner can demonstrate cause to excuse his failure to raise the claim and prejudice resulting from the alleged violation *Massaro v. United States*, 538 U.S. 500, 504 (2003). In this case, Petitioner cannot demonstrate cause, because "futility cannot constitute cause if it simply means that a claim was unacceptable to that particular court at that particular time." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Engle v. Isaac* 456 U.S. 107 (1982)). Similarly, Petitioner cannot claim that the issue is "so novel that its legal basis was not reasonably available to counsel," *id*. at 622, because the Sixth Circuit previously considered the argument and held that "the government does not have to prove that defendant knew he was a felon." *United States v. Olender*, 338 F.3d 629, 637 (6th Cir. 2003). Under these circumstances, Petitioner cannot demonstrate cause and prejudice to excuse his procedural default.

Finally, the Sixth Circuit has held that the Supreme Court's ruling in *Rehaif* "is a matter of statutory interpretation, not a 'new rule of constitutional law.'" *Khamisi-El*, 800 F. App'x at 349 (quoting *In re Palacios*, 931 F.3d 1314 (11th Cir. 2019); *see also Tate v. United States*, 982 F.3d 1226, 1228 (9th Cir. 2020) ("*Rehaif* announced a statutory, rather than a constitutional, rule."). As a result, numerous federal district courts in Tennessee have rejected actual-innocence claims made in connection with § 2255 motions based on *Rehaif*. *See, e.g.*, *Wallace v. United States*, 458 F. Supp. 3d 830, 835 (M.D. Tenn. 2020); *Moore v. United States*, Cv. No. 2:19-cv-02572-TLP-tmp, 2019 WL 4394755, at * 1–2 (W.D. Tenn. Sept. 12, 2019); *Abernathy v. United States*, No. 1:16-CR-81, 2019 WL 5268546, at *5, n.3 (E.D. Tenn. Oct. 17, 2019). For all of these reasons, Petitioner's § 2255 motion fails to the extent he argues he is entitled to relief based on the Supreme Court's decision in *Rehaif*.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's § 2255 motion (Doc. 1 in Case No. 4:20-cv-18; Doc. 58 in Case No. 4:11-cv-35) is **DENIED.**[2] Should Petitioner give timely notice of an appeal from this Order, such notice will be treated as an application for a certificate of appealability, which is hereby **DENIED** since he has failed to make a substantial showing of the denial of a constitutional right or "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court [is] correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**. *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[2] In addition to his § 2255 motion, Petitioner has also filed a motion to appoint counsel (Doc. 5 in Case No. 4:20-cv-18) and a motion for certified copies (Doc. 11 in Case No. 4:20-cv-18). Those motions are also **DENIED** because it plainly appears from the petition that Petitioner is not entitled to relief. *See* Rule 4 of the Rules Governing Section 2255 Cases.